ORIGINAL

Gregory B. Henry, SBN 166008
LAW OFFICES OF GREGORY B. HENRY
180 North Fourth Street, #207
San Jose, CA 95112
(408) 564-1901 Telephone

Anthony J. Palik SBN 190971
LAW OFFICE OF ANTHONY J. PALIK
268 Bush Street, #3838
San Francisco, CA 94104
(415) 724-6519 Telephone
(415) 849-1221 Facsimile

Attorney for Plaintiff Fernando F. Chavez

FILED
SEP 06 2016
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| DESIREE C. SAYRE | CHAPTER 7 |
| Debtor, | BK. NO. 8:10-BK-17383 TA |
| FERNANDO F. CHAVEZ, | ADV. NO. 8:15-AP-01474 TA |
| Plaintiff, | **NOTICE OF MOTION, MOTION, AND MEMORNADUM OF POINTS AND AUTHORITIES TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM TO NON-PARTY WITNESS BANK OF AMERICA** |
| v. | |
| CALIFORNIA ATTORNEY LENDING, LLC, WENETA M. KOSMALA, in her capacity as the CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF FEDERICO C. SAYRE, | |
| Defendants. | **DATE: TBD**<br>**TIME: TBS**<br>**COURTROOM: TBD** |

NOTICE IS HEREBY GIVE TO THE WITNESS BANK OF AMERICA, THE DEFENDANT-IN-REMOVAL CALIFORNIA ATTORNEY LENDING, LLC, THE UNITED STATES

TRUSTEE AND THE CHAPTER 7 PANEL TRUSTEE APPOINTED HEREIN, WENETE KOSMALA, AND ANY OTHER PARTIES-IN-INTEREST,

YOU ARE HEREBY NOTIFIED THAT, the plaintiff-in-removal herein (hereinafter the "plaintiff"), **FERNANDO F. CHAVEZ**, moves this court to quash the subpoena duces tecum (hereinafter the "subpoena"), AT A TIME AND PLACE TO BE DETERMINED, where the subpoena to be quashed was served by defendant-in-removal **CALIFORNIA ATTORNEY LENDING** (hereinafter the "defendant") on witness **BANK OF AMERICA** (hereinafter the "witness"), and dated August 5, 2016, *WITH PRODUCTION DUE ON SEPTEMBER 7, 2016*, and demanding certain records and production of associated documents for the account titled FERNANDO F. CHAVEZ LAW CORPORATION **TRUST ACCOUNT**, BANK OF AMERICA ACCOUNT NUMBER 325014812642, by the witness BANK OF AMERICA in the above-entitled action. (See Exh.1)

This motion is made on the grounds that the documents demanded by Defendants are protected by the attorney-client privilege and the privacy rights of the unnamed beneficiaries and the privilege cannot be waived by the Plaintiff or by default and is based on this motion, the papers filed in this action, and on any witness testimony that may be heard by the court in this matter.

**Production of the documents demanded by Defendants will cause the Movant's clients and unnamed beneficiaries to suffer irreparable harm for which there is no adequate remedy at law.**

## FACTS

The underlying action in this case is based on a Complaint for Declaratory Relief filed in the Superior Court of California, Santa Clara County and removed to this court. Defendants in

this case have subpoenaed non-party witness Bank of America. They have asked that Bank of America ...

> " to produce...the following material concerning any and all client trust accounts maintained in the name of Fernando F. Chavez (or Fernando F. Chavez Law Co.), including without limitation, account number 325014812642:
>
> (1) Covering the period of time that includes July 1, 2014 through the present date: Any and all bank statements.
>
> (2) Covering period of time that includes July 1, 2014 through August 31, 2014: All deposit slips, records of deposit (i.e., copies of items deposited), records of withdrawals, records of all counter credits, copies of all cancelled checks written against said account, copies of all non-check and electronic withdrawals, including the images of all customer withdrawals, copies of all wire transfers sent or received by Fernando F. Chavez, and cashier's checks in which the purchaser was Fernando F. Chavez."

Because the unnamed beneficiaries of Plaintiff Fernando F. Chavez, and the Law Offices of Fernando F. Chavez alone hold the attorney-client privilege, those unnamed beneficiaries are the only persons or entities that can waive the attorney-client privilege and the right to privacy therein. The Law Offices of Fernando Chavez, brings this motion to quash the subpoena issued by defendant, California attorney lending, LLC. on August 5, 2016.

## MEMORANDUM OF POINTS AND AUTHORITIES

FRCP 45(c) states that "a party or attorney responsible for issuing and serving subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," (Federal Rule of Civil Procedure ("FRCP") 45(c)(1).), and that when the subpoena should be quashed when it "subjects a person to an undue burden." (FRCP 45(c)(3)(iv)). The 1991 advisory committee notes make it clear that these provisions are meant to protect non-parties during their "involuntary assistance to the court." (1991 Advisory Committee Notes regarding rule 45, subdivision (c).)

The duty of an attorney to preserve his client's confidences and secrets is well established, and an attorney should not voluntarily disclose the sources of funds deposited in his trust account without the client's consent. (E.g., California Business & Professions Code § 6068(e); ABA Canon 4; ABA DR 4-101).

Disclosure of the information contained in these documents is protected by the privacy rights and the attorney-client privilege of all of those unnamed beneficiaries who hold or have held a beneficial interest in the Law Offices of Fernando Chavez Attorney-Client Trust Account. These rights are protected by the United States Constitution, federal and state statutes including but not limited to the California Business & Professions Code section 6068. The plaintiff, an attorney representing the unnamed beneficiaries, has a solemn legal duty to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secret of his or her clients" furthermore these rights are protected under F.R. Evid. Code Section 502 and California. Evidence Code Section 954.

In Hoosier v. Superior Court, the court found that client trust accounts were not discoverable at a debtor's exam. Information about clients and their funds are protected by the

client's right to privacy and the party seeking information must show compelling need. (*Hoosier v Superior Ct.* 2000, Cal.App. 4th 997, 1008)

The information demanded by Defendants is impertinent until there is a determination whether or not the bankruptcy estate even has any interest at all in the fees earned by Plaintiff Chavez, and even then, Defendant's clearly do not have the requisite compelling need required to violate the attorney-client privilege and the privacy rights contained therein.

Although the rule's language is clear, at what point a burden becomes "undue" is the question for this honorable court. The court may consider: (i) whether subpoena was issued primarily for purposes of harassment, (ii) whether there are other viable means to obtain same evidence, and extent to which information sought is relevant, non-privileged, and crucial to moving party's case. (281 F.3d 726, 729-30 (8th Cir.2002); Gould, Inc. v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d 676, 680 n. 2 (2d Cir.1987).) or the reasons set forth below, the Defendants have made a request that clearly places an undue burden on a non-party witnesses, specifically the unnamed beneficiaries of the Chavez attorney client trust account, and has not shown any need whatsoever for the evidence, much less a crucial need, and the Plaintiff and the unnamed beneficiaries who are witnesses should not be forced to incur significant time and financial expense to respond to the overly broad, harassing, and inconsequential subpoena.

It is the belief of Plaintiff that he was served this subpoenas solely for the purpose of harassment. and the exhaustive list of privileged documents that have nothing to do with the resolution of this case. The only possible purposes of this subpoena is harassment of Plaintiff Chavez and the Law Offices of Fernando F. Chavez, and the unnamed beneficiaries, or a fishing expedition by the Defendant that the Plaintiff should not have to fund.

This demand is objectionable in that it is not reasonably calculated to lead to discoverable evidence. The attorney-client privilege can be waived only by the unnamed beneficiaries, and cannot be waived by the Plaintiff or by default. Additionally, the demand for production of these documents is improper, serves only to harass, cause unnecessary delay, needlessly increase the cost of litigation, and is unduly burdensome and expensive, considering the needs of the case, the amount in controversy, and the importance of the issues at stake in the action. For these reasons, Plaintiff Chavez and The Law Offices of Fernando F. Chavez, ask the Court to issue sanctions and costs on Defendants for the expense of defending what is non-discoverable information.

Plaintiff Fernando F. Chavez and The Law Offices of Fernando F Chavez, hereby move this Court to quash the subpoena duces tecum issued by the Defendants for the reasons stated.

In conclusion, failure to quash Defendant's subpoena duces tecum for production of documents that are protected by the attorney-client privilege and the right to privacy of the unnamed beneficiaries of the Chavez attorney-client trust account, will cause irreparable harm for which there is no adequate remedy at law.

Dated: September 2, 2016

_____
Anthony J. Palik
Attorney for the Plaintiff

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Law Offices of Anthony J. Palik, 268 Bush Street, #3838, San Francisco, CA 94104.

**September 2, 2016, before 5 PM.**, I served a true and correct copy of the document entitled:

Case No. 8:10-BK-17383-TA, Case No. 8:15-AP-01474-TA
PLAINTIFF'S MOTION, NOTICE OF MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES TO QUASH THE DEFENDANT'S SUBPOENA DUCES TECUM TO NON-PARTY WITNESS BANK OF AMERICA

**by** telephonic notice to the persons or entities at the numbers listed below; and;
**by** transmitting via facsimile to the persons or entities at the numbers listed below and/or;
**by** transmitting via electronic service to the persons or entities listed below.

| | |
|---|---|
| **Reem J Bello**<br>Lobel Weiland Golden Friedman LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626<br>714-966-1000<br>Fax: 714-966-1002<br>Email: rbello@wgllp.com | **Bank of America Corporation**<br>Legal Order Processing<br>100 N. Tryon St.<br>Charlotte, NC 28255<br>(800) 432-1000 Telephone<br>(980) 233-7070 Facsimile |
| **Michael R Adele**<br>Technology Litigation Center, APC<br>828 S. Marjan Street<br>Anaheim, CA 92806<br>714-342-6987<br>Email: techlitcenter@yahoo.com | **Richard W Labowe**<br>1631 W Beverly Blvd 2nd Fl.<br>Los Angeles, CA 90026<br>213-250-9800<br>Fax: 213-975-1145<br>Email: richardwlabowe@gmail.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 2, 2016

*/s/ Michelle Koder*